UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60956-CIV-COHN/SELTZER

LESTER MILLER and NANCY MILLER, on
their own behalf and others similarly situated,

        Plaintiffs,

v.

M.D. SCIENCE LABS, LLC, a Florida
Corporation, and RALPH ALBRECHT,
individually,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT M.D. SCIENCE LABS, LLC'S AMENDED MOTION TO DISMISS

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Strike Defendant M.D. Science Labs, LLC's, ("MDSL's") Amended Motion to Dismiss [DE 26] ("Motion to Strike"). The Court has considered the Motion to Strike, Defendant MDSL's Response [DE 28], the record in this case, and is otherwise advised in the premises.[1]

### I. Background

On June 7, 2010, Plaintiffs Lester Miller and Nancy Miller filed their Complaint [DE 1] against Defendants MDSL and Ralph Albrecht, alleging violation of the Fair Labor Standards Act and the Family Medical Leave Act, as well as state law retaliation and breach of contract claims. MDSL filed its Motion to Dismiss [DE 12] on August 19, 2010, and Plaintiffs filed their Response [DE 18] on September 7, 2010.[2]

On October 1, 2010, MDSL's Co-Defendant, Mr. Albrecht, filed his own Motion to Dismiss [DE 22]. Thereafter, on October 8, 2010, MDSL filed an Amended Motion

---

[1] Plaintiffs did not file a Reply, and the time for doing so has passed.

[2] MDSL did not file a Reply, and the time for doing so has passed.

to Dismiss [DE 24], seeking to supplement its own Motion to Dismiss with that of Mr. Albrecht. Plaintiffs then filed their Motion to Strike the Amended Motion to Dismiss.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 12, a "motion under this rule may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1). However, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). MDSL's Amended Motion to Dismiss is an attempt to add to its original Motion to Dismiss additional arguments that were available to MDSL but omitted from its earlier Motion. The Amended Motion to Dismiss is thereby prohibited under the limitation on joining motions.

Nevertheless, MDSL argues that its attempt to join Mr. Albrecht's Motion to Dismiss falls under the Rule 12(h)(2) exception to the limitation on joining motions. Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted may be raised either in a pleading, in a Rule 12 motion, or at trial. Fed. R. Civ. P. 12(h)(2). The policy behind Rule 12(h)(2) was to preserve certain defenses against waiver. 1966 Amendment to Fed. R. Civ. P. 12. In fact, part (h) was crafted to juxtapose those defenses subject to waiver in subdivision (h)(1) with those not subject to waiver in subdivisions (h)(2) and (3). Id. The drafters did not intend to allow a party to file a motion to dismiss for failure to state a claim upon which relief can be granted and then add its co-defendant's arguments on the same defense. Thus, the Rule 12(h)(2) exception to the limitation on joining motions does not permit MDSL to join Mr. Albrecht's Motion to Dismiss.

Additionally, MDSL suggests that the Court could construe the Amended Motion to Dismiss as a Rule 6(b) motion for enlargement of time to reply to Plaintiff's Response to MDSL's Motion to Dismiss.  DE 28 at 2.  Rule 6(b) only permits a district court to grant an extension of time to permit an act to be done after the time for acting has expired "where the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b).  Defendant MDSL has made no such showing here.  Therefore, to the extent that the Amended Motion to Dismiss was filed as a motion for extension of time, the Court will not grant the extension.

### III. Conclusion

The Court finds that Rule 12 does not permit MDSL to supplement its own Motion to Dismiss with that of Mr. Albrecht.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant M.D. Science Labs, LLC's Amended Motion to Dismiss is **GRANTED**.  The Amended Motion to Dismiss is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 18th day of October, 2010.

/s/ James I. Cohn
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF