UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60956-CIV-COHN/SELTZER

LESTER MILLER and NANCY MILLER,
on their own behalf and others similarly
situated

    Plaintiffs,

v.

M.D. SCIENCE LABS, LLC, a Florida
Corporation, and RALPH ALBRECHT,
individually,

    Defendants.

_____/

## ORDER GRANTING IN PART MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant M.D. Science Labs, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 12] ("MDSL's Motion to Dismiss") and Defendant, Ralph Albrecht's, Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 22] ("Albrecht's Motion to Dismiss"), (together "Motions to Dismiss"). The Court has considered the Motions to Dismiss, Plaintiff's Response in Opposition to MDSL's Motion to Dismiss [DE 18] ("Response to MDSL's Motion to Dismiss") and Plaintiff's Response in Opposition to Albrecht's Motion to Dismiss [DE 31] ("Response to Albrecht's Motion to Dismiss"), (together "Responses"), the record in this case, and is otherwise advised in the premises.[1]

---

[1] The Court notes that neither MDSL nor Albrecht filed a Reply, and the time for doing so has passed.

## I. BACKGROUND

On June 7, 2010, Plaintiffs Lester Miller and Nancy Miller ("Plaintiffs") brought this action on behalf of themselves and others similarly situated against their former employers, Defendant M.D. Science Labs, LLC ("MDSL") and MDSL's managing member, Defendant Ralph Albrecht ("Albrecht"), (together, "Defendants"). Plaintiffs had "worked for the Defendant[s] as inside salespersons, servicing accounts throughout the United States, selling adult related accessories." Compl. ¶ 34. According to the Complaint [DE 1], on July 18, 2008, in the scope and course of her employment, Ms. Miller was injured when she walked into a swinging door and suffered injuries to her head. Shortly afterward, Defendants allegedly changed Ms. Miller's regional territories, thereby decreasing her total income. In November 2008, when Ms. Miller informed Defendants that she would be unable to work until she saw a doctor and received proper medical care, Defendants terminated her.

The Complaint also alleges that between April 2005 and November 2008, both Plaintiffs regularly worked approximately 62.5 hours per week, but never received time and half pay for their 22.5 hours per week in overtime. Furthermore, the Complaint states that Defendants never paid Plaintiffs the commission they were promised.

Based on these facts, Plaintiffs filed their Complaint, seeking to recover unpaid overtime wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (2006), ("FLSA"), the Family Medical Leave Act, 29 U.S.C. § 2601 (2006) ("FMLA"), Florida Statutes § 440.205, and state law breach of contract. On August 19, 2010, MDSL moved to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), and on October 1, 2010, Albrecht moved to dismiss the Complaint pursuant to the same rule.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. ANALYSIS

Defendants seek dismissal of each Count of the Complaint for failure to state a claim upon which relief can be granted. They also argue that Plaintiffs have failed to follow the procedure required to proceed with a collective action.[2]

### A. FLSA Recovery of Overtime Compensation
### (Count I)

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2006). Plaintiffs allege that they worked approximately 22.5 hours of overtime each week of their employment, but that they were not paid time and a half for this work. This is enough to plead a claim for recovery of overtime compensation under the FLSA. Any contention that these facts are not as Plaintiffs allege is premature at this point in the proceedings. Accordingly, at this stage, the Court will not dismiss Plaintiffs' FLSA claim for recovery of overtime compensation.

---

[2] The Court notes that the Complaint appears to suggest that the collective action is brought as to each claim, see Compl. ¶ 1 ("[Plaintiffs] bring this action on behalf of themselves and other current employees and former employees of Defendants similarly situated to them for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), violation of FMLA, violation of Florida Statutes 440.105 and 440.205; and breach of contract under state law"), but as Albrecht noted in his Motion to Dismiss, only the FLSA claim allows for a collective action subject to the opt-in procedure, see Albrecht Mot. at 3 n.1. Plaintiffs do not argue in response that they intended to bring a collective action as to their other claims. See Resp. to Albrecht Mot. Accordingly, the Court will consider the collective action only in reference to the FLSA claim.

4

However, the Court will dismiss the collective action under this claim because of Plaintiffs' failure to follow proper procedure to commence a collective action. The FLSA only allows an employee to bring a collective action on behalf of himself and others similarly situated if such employee "gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). When a named Plaintiff does not file a consent, only an individual action exists. See 29 U.S.C. § 256 (2006) (in a collective action, the case does not commence until a party plaintiff files written consent in the court in which the action was commenced); see also Lago v. Amoa Constr. & Dev. Corp., Case No. 08-20994-CIV, 2008 WL 4540062, at **2-3 (S.D. Fla. Oct. 10, 2008) (dismissing collective action, but allowing individual action to proceed, where named plaintiff had not filed a consent). Neither named Plaintiff has filed a consent in this action. In response to Albrecht's Motion to Dismiss Plaintiffs state that they "would concede that a collective action will not be pursued and agree to dismissal of any collective actions within the Complaint." Resp. to Albrecht Mot. at 6. Accordingly, the Court will dismiss the collective action, though the case will move forward on Plaintiffs' individual FLSA action.

### B. FMLA Violation as to Nancy Miller Only
### (Count II)

The FMLA provides that "any employer" who interferes with or denies any rights provided to an employee under the Act is liable for damages. 29 U.S.C. § 2617(a) (2006). The Act defines "employer" as follows:

The term "employer"--

(i) means any person engaged in commerce or in any industry or activity

5

> affecting commerce **who employs 50 or more employees** for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes-- (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and (II) any successor in interest of an employer . . .

29 U.S.C. § 2611(4)(A) (2006) (emphasis added). Defendants assert that they do not and never have employed 50 or more employees. No where in the Complaint do Plaintiffs plead that MDSL or Albrecht employs 50 or more employees. The allegations that "Defendants recognized the [FMLA]," Compl. ¶ 23, and that "Defendants recognized FMLA's allowance for a 12 week leave of absence for serious injuries such as Plaintiff's," id. ¶ 24, do not remedy this defect. Therefore, as Plaintiffs have not alleged that Defendants qualify as "covered employers," the FMLA claim must fail.

### C. State Claim for Violation of Florida Statutes § 440.205[3]
### (Count III)

Under Florida Statutes § 440.205, "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. To survive dismissal on a retaliation claim under this statute, Plaintiffs must plead (1) a statutorily protected expression, (2) an adverse employment reaction, and (3) a causal connection between participation in the protected expression and the adverse action. Russell v. KSL Hotel Corp., 887 So. 2d

---

[3] Though Plaintiffs have not styled this count to apply "as to Nancy Miller only," like they did in Count II, the Court will interpret this count to apply as to Nancy Miller only because she is the one who allegedly suffered an injury leading to her termination.

372, 379 (Fla. Dist. Ct. App. 2004). Plaintiffs have failed to plead the requisite causal connection here. The Complaint alleges merely that Ms. Miller was injured on July 18, 2008, that she returned to work for several months after that, that Defendants changed her regional territories, and that she was terminated in November 2008. As in Edwards v. Niles Sales & Services, Inc., 439 F. Supp. 2d 1202, 1229 (S.D. Fla. 2006), where approximately ninety days between the filing of a worker's compensation claim and the termination of an employee was insufficient to establish the requisite causation under Florida Statutes § 440.205, the time between Ms. Miller's injury and her termination is similarly insufficient to establish causation here. Accordingly, the Court will dismiss this count for failure to state a claim upon which relief can be granted.

### D. Breach of Employment Contract
### (Count IV)

To plead a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)). Plaintiffs label this count "Breach of Employment Contract," Compl. at 6, but admit that "there is no written contract to be attached to the Complaint," Resp. to MDSL Mot. at 7; Resp. to Albrecht Mot. at 9. Instead, the Complaint states that "[e]ach Plaintiff was promised as part of their total compensation a percentage of all sales placed by each Plaintiff," Compl. ¶ 35, an allegation that could support an oral contract claim. The Court, however, will not restate the Complaint for Plaintiffs. Rather, the breach of employment contract count will be dismissed for failure to state a claim upon which relief can be

granted, with leave to properly allege a claim for breach of an oral contract in an Amended Complaint.

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant M.D. Science Labs, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 12] and Defendant, Ralph Albrecht's, Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 22] are **GRANTED in part** as follows:

    a. Count I (FLSA Recovery of Overtime Compensation) is **DISMISSED without prejudice** as to the collective action;

    b. Count II (FMLA Violation as to Nancy Miller Only) is **DISMISSED without prejudice**;

    c. Count III (State Claim for Violation of Florida Statutes § 440.205) is **DISMISSED without prejudice**; and

    d. Count IV (Breach of Contract) is **DISMISSED without prejudice**.

2. Plaintiffs may file an Amended Complaint no later than **December 8, 2010**. If Plaintiffs truly intend for this to be a collective action pursuant to 29 U.S.C. § 216(b), they may file the required written consents to commence the collective action contemporaneously with their Amended Complaint. Alternatively, Plaintiffs may file a Notice of their intent to proceed solely on the individual FLSA claim for recovery of overtime compensation.

3. Defendants' Answer will be due 15 calendar days from the filing of either an Amended Complaint or a Notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of November, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF